IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **PAUL THRONDSON,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HUNTINGTON NATIONAL BANK,** a subsidiary of Huntington Bancshares Incorporated,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Paul Throndson ("Throndson" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Huntington National Bank ("Huntington Bank" or "Defendant") to stop Huntington Bank from violating the Telephone Consumer Protection Act ("TCPA") by making prerecorded collection calls to consumers who have no relationship with Huntington Bank, and to otherwise obtain injunctive and monetary relief for all persons injured by Huntington Bank's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Huntington Bank provides banking services to consumers and corporate clients, which includes financing and loan-related services.

2. In order to attempt to collect on debts from its own clients, Huntington Bank uses the data provided by consumers that have set-up credit card accounts, along with phone numbers, including cellular phone numbers, that are obtained through Huntington Bank's own research, including, for example, through skip-tracing. As a result of the way Huntington Bank obtains

phone numbers, it regularly makes pre-recorded collection calls to cellular phone numbers for consumers whom Huntington Bank believes are clients, but who, in fact, are not Huntington Bank clients.

3. In Plaintiff's case, Huntington Bank placed two prerecorded debt collection calls to his cellular phone number despite the fact that he has never been a Huntington Bank client and has never otherwise consented to Huntington Bank calling him.

4. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing calls to consumers' cellular telephone numbers using a prerecorded message dialing system without consent, as well as an award of statutory damages to the members of the Class and costs.

**PARTIES**

5. Plaintiff Throndson is a Frisco, Texas resident.

6. Defendant Huntington Bank is a subsidiary of Huntington Bancshares, a bank holding company incorporated in Ohio and headquartered in Columbus, Ohio.

**JURISDICTION AND VENUE**

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in Ohio and headquartered in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### Huntington Bank Places Unsolicited, Prerecorded Collection Calls to the Cellular Phone Numbers of Consumers Who are Not Huntington Bank Clients

9. Under the TCPA, Huntington Bank must have a consumer's prior express consent prior to placing prerecorded debt collection calls to the consumer's cellular phone number.

10. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making prerecorded collection calls to cellular telephone numbers such as Plaintiff's.

11. Huntington Bank openly admits on its website that it places prerecorded calls and calls using an automatic telephone dialing system.[1]

12. Huntington is also open about the fact that it engages in skip-tracing – i.e., that it has employees that do research to try to identify additional phone numbers for clients that are in default on debt in connection with Huntington Bank's debt collection efforts. In fact, Huntington Bank has employees whose job title is "Skip Tracer."[2]

13. Not surprisingly, there are many online complaints about Defendant's collection calls to consumers who were not Huntington Bank clients when called:

- "They call and say they are with Huntington National Bank and no one here has ever had anything to do with Huntington Bank!!"[3]

- "Rec'd call at 7:36 pm on 3/29/2019, was not home at time, so message was left. Could tell it was a recorded message and no name was given by lady as to who to call back. Son deals with real Huntington Bank, not me, but they keep calling me. I take this message as a threat."[4]

- "Huntington Bank left vague voice mail"[5]

- "constantly calling claiming I have a car loan with them. I don't own a car at all."[6]

---

[1] https://www.huntington.com/Personal/mobile-banking/alert-text-services
[2] https://www.glassdoor.com/Salary/Huntington-National-Bank-Skip-Tracer-Salaries-E1496_D_KO25,36.htm
[3] https://800notes.com/Phone.aspx/1-877-477-6855/5
[4] https://www.shouldianswer.com/phone-number/8774776855
[5] *Id.*
[6] *Id.*

3

## PLAINTIFF'S ALLEGATIONS

### Huntington Bank Repeatedly Called Plaintiff's Cell Phone Number Using a Prerecorded Message Without Plaintiff's Consent

14. On April 13, 2019, Plaintiff received a phone call from Huntington Bank on his cellular phone using phone number 877-477-6855. Plaintiff did not answer this call, but a prerecorded voicemail was left stating the following:

"This message is for Kenneth Cousins. Please contact Huntington Bank at 877-477-6855 as soon as possible. Our normal hours of operation are Monday through Thursday 8:00 AM to 11:00 PM, Friday 8:00 AM to 9:00 PM and Saturday 8:00 AM to 4:00 PM Eastern Standard Time. Again, you can reach us toll free at 877-477-6855. This message is for Kenneth Cousins. Please contact Huntington Bank at 877-477-6855 as soon as possible. Our normal hours of operation are Monday through Thursday 8:00 AM to 11:00 PM, Friday 8:00 AM to 9:00 PM and Saturday 8:00 AM to 4:00 PM Eastern Standard Time. Again, you can reach us toll free at 877-477-6855."

15. On April 15, 2019, Plaintiff received a second prerecorded debt collection call from Defendant on his cellular phone, again using phone number 877-477-6855. The call was not answered, but Defendant left exactly the same prerecorded message again on Plaintiff's voicemail stating:

"This message is for Kenneth Cousins. Please contact Huntington Bank at 877-477-6855 as soon as possible. Our normal hours of operation are Monday through Thursday 8:00 AM to 11:00 PM, Friday 8:00 AM to 9:00 PM and Saturday 8:00 AM to 4:00 PM Eastern Standard Time. Again, you can reach us toll free at 877-477-6855. This message is for Kenneth Cousins. Please contact Huntington Bank at 877-477-6855 as soon as possible. Our normal hours of operation are Monday through Thursday 8:00 AM to 11:00

4

PM, Friday 8:00 AM to 9:00 PM and Saturday 8:00 AM to 4:00 PM Eastern Standard Time. Again, you can reach us toll free at 877-477-6855."

16. Huntington Bank shows on its website that 877-477-6855 is a phone number it controls/owns for Loan Payment Assistance:

> **Loan Payment Assistance**
> (877) 477-6855
> M–F, 8:00 a.m. - 9:00 p.m. ET
> Sat, 8:00 a.m. - 1:00 p.m. ET
> Sun, CLOSED                    [7]

17. Plaintiff does not have a relationship with Huntington Bank or any of its affiliated companies, and has never consented to any contact from Defendant.

18. Simply put, Huntington Bank did not obtain Plaintiff's prior express consent to place prerecorded collection calls to him on his cell phone number.

19. The unauthorized telephone calls made by Huntington Bank, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Throndson's use and enjoyment of his cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

20. Seeking redress for these injuries, Throndson, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited, prerecorded calls to cell phone numbers.

---

[7] https://www.huntington.com/customer-service/contact-us

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

21.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone number, (3) using a prerecorded voice message, and (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff, or (b) Defendant did not obtain prior express consent.

22.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

23.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

24.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

6

(a) whether Defendant placed calls using a prerecorded message to Plaintiff and the members of the Class;

(b) whether Defendant placed calls using a prerecorded message to Plaintiff and members of the Class without prior express consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

26. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

27. Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint and incorporates them by reference herein.

28. Defendant and/or its agents made unwanted, prerecorded collection calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class.

29. These collection telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Class.

30. Defendant's conduct was negligent or wilful and knowing.

31. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500.00 in damages for each violation of such act.

32. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

8

d) An injunction requiring Defendant to cease all prerecorded message calling activity that is being done without consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**PAUL THRONDSON**, individually and on behalf of those similarly situated individuals

Dated: May 3, 2019

By: /s/ Brian Giles
Brian T. Giles (0072806)
The Law Offices of Brian T. Giles LLC
1470 Apple Hill Rd., Cincinnati, Ohio 45230
Telephone: (513) 379-2715
Brian@GilesFirm.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*